## CHAMPLIN v. CHAMPLIN.

1. **Divorce**: APPLICATION FOR ALIMONY: PRACTICE. Where the plaintiff, in an action for divorce, has asked for temporary alimony, it is not error for the court to overrule defendant's motion for a more specific statement of the names and residences of plaintiff's witnesses and of the facts expected to be proved by them.

2. ———: ———: PRESUMPTIONS AGAINST THE APPLICANT. If the application for alimony be vague or defective, all the presumptions arising from its indefiniteness will be indulged against the applicant.

*Appeal from Black Hawk District Court.*

THURSDAY, DECEMBER 16.

ON the 20th of March, 1875, the plaintiff filed her petition asking for a divorce from defendant, on the ground of alleged inhuman treatment endangering her life, consisting in admin-

istering to her poisonous medicines and drugs, assaulting and beating her, neglecting to furnish plaintiff and her child suitable provisions and clothing, and refusing to furnish her necessary attendants to take care of her during her years of severe affliction.

The defendant denies every allegation of the petition except the marriage and birth of children.

· The plaintiff filed her application for temporary alimony, duly sworn to, stating in substance that she had no money or property with which to prosecute the suit, or pay for the board of herself and child, or with which to purchase clothing; that she had been forced away from defendant by his inhuman treatment, and that she is an invalid entirely unable to labor, and in need of medical attendance. In support of this application, the plaintiff also filed the affidavit of her father, the same substantially as her own.

At the same time was filed an affidavit for a continuance, sworn to by plaintiff's attorney.

The defendant moved the court to require plaintiff to make a more full and specific statement of the number, names and residences of her witnesses, and the facts expected to be proved by each, to the end that the court may be able to determine the necessary expense of preparing for trial. The court overruled this motion.

The defendant thereupon filed an affidavit, in substance denying specifically every allegation of mistreatment contained in the petition; and alleging that defendant is fifty years of age, in ill health, and able to perform but little manual labor; that he has no income except the rents of his farm, not exceeding two hundred and fifty dollars annually over taxes and repairs; that his entire property consists of real estate, except three hundred dollars which will be due for rent in November, and sixty dollars in cash, and necessary household furniture; that the value of all his property does not exceed seven thousand dollars, and he is in debt one thousand; that his property is the accumulation of himself and his first wife, by whom he has five children, the youngest about twelve years of age; and that his income, with his family broken up,

is insufficient to defray the expenses of his family; that plaintiff never brought him any property, but has been in feeble health much of the time since her marriage, and under the care of many different physicians, at large expense to defendant, whereby his estate has depreciated in value not less than three thousand dollars; that he has always been ready and willing to support the plaintiff, either in his own house or at any other place suitable to their circumstances in life, and says that he can do so at an expense of not more than two or three dollars a week, exclusive of necessary medical attention. He offers, if plaintiff or counsel will indicate the names and residences of her witnesses, that he will, at his own expense, procure their attendance at the trial. He further states that plaintiff is now in as good health as she has enjoyed most of the time for several years past.

The court sustained the motion for a continuance and ordered the defendant to pay the plaintiff three hundred dollars, as follows: one hundred dollars May 1, one hundred June 20, and one hundred August 20, 1875. Defendant appeals.

*Boies, Allen & Couch*, for appellant.

The Supreme Court may, upon appeal, review an order of the court below granting temporary alimony. (*Knight v. Knight*, 29 Iowa, 599; *Briggs v. Briggs*, 36 Id., 383.) It is the general rule to allow the wife for *ad interim* alimony about one-fifth of the annual income, but where the necessities and claims of the wife have been large, one-fourth has been allotted. (Bishop on *Marriage and Divorce*, § 614.) The wife who is proceeding against her husband, in New York, is allowed no more than sufficient to meet her actual wants. (Bishop on Marriage and Divorce, § 615.)

*Eastman & Hussey*, for appellee.

The *ad interim* alimony and money to sustain the expenses are given in the sound discretion of the court; but when the case is brought within the principles recognized as entitling the wife to an allowance, it follows generally as a matter of

course. (Bishop on Marriage and Divorce, § 406.) The amount which should be allowed follows no fixed rule. (Id., § 445.)

DAY, J.—I. It is claimed that the court erred in overruling defendant's motion for a more specific statement of the number, names and residences of her witnesses, and the facts expected to be proved by each, to the end that the court might determine the necessary expense of preparing for trial. Whilst the court, for his own information, might well have required the plaintiff to make her application more specific in these respects, yet we think the matter was so far within the discretion of the court, that the judgment cannot be reversed for his refusal to do so.

*1. DIVORCE: application for alimony: practice.*

If the application does not fairly present the facts necessary to enable the court understandingly to pass upon it, all the inferences and presumptions which naturally arise out of the fact of such defective application will be indulged in against the party preferring it. In other words, when the plaintiff does not show the number nor residences of her witnesses, the court should not indulge in a presumption that they are very numerous and that the production of their testimony will be attended with great expense, but should rather act upon the opposite presumption.

*2. ——: ——: presumptions.*

II. In view of all the facts disclosed, we think the amount allowed by the court, as temporary alimony, is unreasonably large.

There is nothing in the record to dispute the facts that defendant is able to perform but little labor, that the income of his farm does not exceed the sum of $250 annually, over taxes and repairs, that he has but his household furniture and $60 in personal property, and that he has five children, some of whom are dependent upon him for support.

The cause was continued upon the application of plaintiff. For her support and medical care, and the support of her child, about three years old, for the six months which would intervene before the next term of court, the court allowed her

at the rate of twelve dollars per week, or more than the entire income of defendant for a year. It seems to us, in view of the poverty of defendant, that $100 is the full limit of the amount which should have been assessed against him for the period named.

Inasmuch as the times have all passed when the payments should have been made as prescribed by the order of the court, plaintiff will have judgment in this court for the amount above named.

With this modification, the judgment is

AFFIRMED.